No. 667 December 20, 2023 669

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

BRIAN JOSEPH GEARY,
*Petitioner-Appellant,*

*v.*

Tyler BLEWETT,
Superintendent,
Two Rivers Correctional Institution,
*Defendant-Respondent.*
Umatilla County Circuit Court
18CV15650; A173425

J. Burdette Pratt, Senior Judge.

Argued and submitted August 1, 2022.

Lindsey Burrows argued the cause for appellant. Also on the brief was O'Connor Weber LLC.

E. Nani Apo, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Brian J. Geary filed the supplemental brief *pro se*.

Before Ortega, Presiding Judge, and Powers, Judge, and Hellman, Judge.

HELLMAN, J.

Reversed and remanded.

**HELLMAN, J.**

Petitioner appeals from the denial of post-conviction relief. On appeal, he raises two assignments of error involving claims of inadequate and ineffective assistance of counsel. Petitioner also submits a *pro se* supplemental brief in which he requests that we review all the claims that were presented in his post-conviction petition, which he attaches and incorporates by reference. For the reasons below, we reverse and remand for a new trial in the underlying criminal case based on petitioner's first assignment of error: that counsel was inadequate and ineffective for eliciting, failing to object to, and failing to move to strike vouching testimony. Accordingly, we do not address petitioner's second assignment of error, nor the claims raised in petitioner's *pro se* supplemental brief.

A petitioner is entitled to post-conviction relief under ORS 138.530 when "there has been a 'substantial denial' of a petitioner's 'rights under the Constitution of the United States, or under the Constitution of the State of Oregon, or both, and which denial rendered the conviction void.'" *Green v. Franke*, 357 Or 301, 311, 350 P3d 188 (2015) (quoting ORS 138.530(1)(a)). Although we interpret and apply Article I, section 11, of the Oregon Constitution independently of the Sixth Amendment to the United States Constitution, "the standards for determining the adequacy of legal counsel under the state constitution are functionally equivalent to those for determining the effectiveness of counsel under the federal constitution." *Montez v. Czerniak*, 355 Or 1, 6-7, 322 P3d 487, *adh'd to as modified on recons*, 355 Or 598, 330 P3d 595 (2014).

To be entitled to post-conviction relief based on a claim of inadequate assistance of counsel, a petitioner must prove two elements: first, that trial counsel "failed to exercise reasonable professional skill and judgment[,]" and second, that the petitioner suffered prejudice from counsel's inadequacy. *Id.* at 7 (describing analysis under Article I, section 11 (internal quotation marks omitted)); *see also Strickland v. Washington*, 466 US 668, 694, 104 S Ct 2052, 2068, 80 LEd2d 674, 697 (1984) (describing analysis under Sixth Amendment). We review the post-conviction court's decision

"for errors of law" and are bound by the post-conviction court's findings of fact "if there is evidence in the record to support them." *Green*, 357 Or at 312.

Petitioner was charged with various counts of sex crimes against two children, M and V. In her initial interview with the CARES Northwest team, M denied that defendant had sexually abused her. But in an interview with an investigating officer, conducted immediately afterward, M disclosed that defendant did sexually abuse her. As to M, part of defense counsel's trial strategy was to challenge the way in which the investigating officer interviewed M, thereby demonstrating that M's accusations were the by-product of improper investigative techniques.

During cross-examination of that officer, defense counsel inquired as to why the officer had decided to independently interview M, instead of relying on M's statements to the CARES Northwest team. Counsel suggested that the independent interview was because the officer did not believe M's statements. The state objected to the question, as asking for a comment on the credibility of a witness, but the trial court overruled the objection. In response to the question, the officer testified that she "knew" from V's earlier disclosures that "certain things occurred" between petitioner and M. She also testified that, even though M had not directly said so during the CARES Northwest interview, she "knew that things had occurred" between petitioner and M based on M's demeanor and some of the things that M had said. In sum, the officer testified that she knew abuse had occurred because she believed both M and V were telling the truth. Although the officer's testimony was inadmissible indirect vouching, *see State v. Black*, 364 Or 579, 587-88, 437 P3d 1121 (2019), counsel made no objection to the testimony, nor did he seek any curative instruction from the court.[1]

Petitioner sought post-conviction relief alleging, in relevant part, that he received inadequate and ineffective assistance of counsel when his attorney elicited the vouching evidence, then failed to object and take curative

---

[1] Respondent does not argue that the officer's testimony was not vouching, only that in the context of this case trial counsel was not ineffective for eliciting it and failing to thereafter take corrective action.

actions regarding it. The post-conviction court denied petitioner's claim because it determined that the vouching was "brought in deliberately as part of the defense strategy" and "[i]n the context of the case, that strategy was reasonable." More specifically, the post-conviction court determined that "[t]he issue of who [the investigating officer] believed, or did not believe, was the very detail that counsel wanted to explore." The post-conviction court further determined that "[a]n objection, a motion to strike, or a request for a curative instruction[] would have been contrary to the defense theory and counterproductive."

We confronted a nearly identical situation in *Berg v. Nooth*, 258 Or App 286, 309 P3d 164 (2013). In that case, the defense counsel "adopted a strategy of attempting to show that the 'system' automatically believes children's allegations of sexual abuse." *Id.* at 298. In connection with that strategy, defense counsel asked a witness whether she always believed the children, to which the witness replied that she "'did believe the children in this case.'" *Id.* The prosecutor objected on the basis that defense counsel was asking for a comment on the victim's credibility. *Id.* at 292. The trial court asked defense counsel if he wanted to have the jury instructed to disregard the answer, and when defense counsel did not answer, allowed the testimony to stand. *Id.* In his post-conviction case, the petitioner argued that counsel provided ineffective assistance when he failed to protect against impermissible vouching, both in asking the question and in failing to obtain a curative instruction. *Id.* at 294. The post-conviction court denied the petitioner's claim because it determined there was no prejudice. *Id.* On appeal, we reversed. *Id.* at 287.

We first held that trial counsel "failed to exercise reasonable professional skill and judgment, given the Supreme Court's emphatic condemnation of allowing one witness to vouch for another." *Id.* at 295. In reaching that conclusion, we explained that our decision was not based on a disagreement with trial counsel's chosen strategy, but with the unnecessary use of vouching to achieve it. *Id.* at 298 (While "[w]e do not second guess the reasonableness of trial counsel's overall strategy of attempting to undermine

the integrity and objectivity of the government's investigation[,]" we have asserted that "such a strategy can be pursued without allowing witnesses to testify that they believe certain statements made by people who allegedly are victims of sexual abuse."). We also noted that it would "be the rare case in which a reasonable trial strategy" would allow the introduction of vouching testimony. *Id.*

In the case before us, the post-conviction court found that "[t]rial counsel testified that he made a strategic decision to ask a question suggesting that [the investigating officer] did the second interview of [M] because she did not believe that [M] was disclosing all that she knew." The post-conviction court further found that although the officer's answer "may have technically been vouching, it was brought in deliberately as part of the defense strategy." But the record does not contain evidence from which the post-conviction court could have concluded that introducing the vouching was a strategic choice or otherwise needed for counsel's trial strategy. In fact, in response to questioning at the post-conviction trial, defense counsel explained that he "opened the door" to the officer's testimony but that it "wasn't [his] intent to elicit the vouching."

In sum, although defense counsel's strategy included seeking to demonstrate that how the officer conducted her interview improperly influenced M's answers, that strategy could have been "pursued without allowing [the officer] to" indirectly vouch for V and M. *Berg*, 258 Or App at 298. Like in *Berg*, we do not question the reasonableness of counsel's trial strategy itself but determine that counsel did not exercise reasonable professional skill and judgment when he elicited vouching testimony and then failed to take curative steps to address it. *Id.*

Turning to prejudice, "[i]n a post-conviction case, prejudice is established if counsel's deficient performance 'had a tendency to affect the result.'" *Id.* at 300 (quoting *Gorham v. Thompson*, 332 Or 560, 564, 34 P3d 161 (2001)). The Supreme Court has explained that vouching testimony like the testimony presently at issue is so prejudicial that "the trial judge, *sua sponte*, should summarily cut off the inquiry [eliciting such vouching testimony] before a jury is

contaminated by it." *State v. Milbradt*, 305 Or 621, 630, 756 P2d 620 (1988); *see also State v. Lupoli*, 348 Or 346, 366 n 11, 234 P3d 117 (2010) (where the children's credibility "was paramount" in a child sex abuse case, error in admitting expert vouching testimony was not harmless).

As was the case in *Berg*, the childrens' credibility was critically important in petitioner's criminal trial. The officer's testimony that she "knew" that "certain things occurred with M" because of V's statements and that she "knew that things had occurred" because of M's demeanor and answers to CARES Northwest was inadmissible vouching for the childrens' credibility. Counsel's elicitation of the testimony and failure to take corrective steps after the officer gave that inadmissible testimony was a failure of professional skill and judgment. That failure allowed the inadmissible testimony to be part of the jury's consideration. Counsel's deficient performance therefore had a tendency to affect the verdict. *See Berg*, 258 Or App at 302. Accordingly, petitioner is entitled to post-conviction relief.

Reversed and remanded.